

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD87256 |
| | ) | |
| ROBERT BECK, | ) | Filed: July 15, 2025 |
| | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BENTON COUNTY
### THE HONORABLE JERRY J. RELLIHAN, JUDGE

### BEFORE DIVISION ONE: KAREN KING MITCHELL, PRESIDING JUDGE, LISA WHITE HARDWICK, JUDGE, AND MARK D. PFEIFFER, JUDGE

Robert Beck appeals his conviction and sentence for misdemeanor witness tampering. He contends the circuit court erred in overruling his motions for judgment of acquittal because the evidence was insufficient to establish he had the purpose to influence the witness to withhold information about his pending criminal case. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Beck and S.C. are neighbors. On February 21, 2023, Beck and S.C. were in court for a hearing in a case in which Beck was charged with failure to comply with Halloween restrictions for a sex offender. S.C. was going to be a witness in that case, and Beck

knew that S.C. was going to be a witness. As Beck walked by S.C. to exit the courtroom, Beck told S.C., "I'll take care of you when you get home." The prosecutor asked S.C. what Beck said. After S.C. told him, the prosecutor told S.C. to go to the sheriff's department and make a statement.

S.C. drove to the sheriff's department to report the incident. Beck followed S.C. and confronted him in the lobby. Surveillance cameras from the sheriff's department recorded videos[1] of the confrontation. Beck "started being very boisterous, very loud, calling [S.C.] names, calling [S.C.] a liar," and using profanity. Specifically, Beck called S.C. "a motherfucker and a fucking liar." S.C. assumed Beck called him those names in response to S.C.'s being a witness in the failure to comply with sex offender restrictions case against Beck. A sheriff's lieutenant near the lobby heard the verbal altercation and noticed that Beck was being "quite loud and overpowering . . . in his statements" and "profane and challenging." The lieutenant separated them and asked S.C. what happened. S.C. explained he was just in a hearing with Beck at the courthouse and, as they were leaving, Beck made a threatening statement to him.

Beck was charged with the class A misdemeanor of witness tampering in violation of Section 575.270.[2] A jury trial was held. Beck did not testify and did not present any evidence. The jury found him guilty. The court sentenced Beck to 180 days in jail, suspended execution of 150 of those days, and placed him on two years of unsupervised

---

[1] The videos did not have sound.

[2] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2024 Cumulative Supplement.

probation. The court ordered him to serve 30 days in jail but gave him credit for eight days he had already served. Beck appeals.

## STANDARD OF REVIEW

Our review of the sufficiency of the evidence to support a conviction is limited to determining whether there is sufficient evidence from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *State v. Nash*, 339 S.W.3d 500, 508-09 (Mo. banc 2011). In reviewing the evidence, we accept as true all evidence and inferences favorable to the verdict and disregard all contrary evidence and inferences. *Id*. at 509. We do not reweigh the evidence and recognize the jury may believe all, some, or none of the testimony of any witness. *Id*.

## ANALYSIS

In his sole point on appeal, Beck argues the court erred in denying his motions for judgment of acquittal because the evidence was insufficient to support all of the elements of witness tampering. The State charged Beck with violating Section 575.270, which provides, in pertinent part:

> 1. A person commits the offense of tampering with a witness or victim if:
>
> (1) With the purpose to induce a witness or a prospective witness to disobey a subpoena or other legal process, absent himself or herself, avoid subpoena or other legal process, withhold evidence, information, or documents, or testify falsely, he or she:
>
> (a) Threatens or causes harm to any person or property; or
>
> (b) Uses force, threats or deception[.]

3

The State's amended information alleged Beck purposely tampered with S.C., a witness to Beck's crime of failure to comply with Halloween restrictions of a sex offender, by following S.C. to the sheriff's department, confronting S.C. in the lobby in a challenging manner while using profane language and verbally threatening potential future harm against S.C., in order to induce S.C. to withhold information or avoid any further actions as a witness in that criminal case.

Beck argues the evidence failed to establish he acted with a purpose to influence S.C. to withhold information about his pending misdemeanor offense of failure to comply with sex offender restrictions. "A person 'acts purposely', or with purpose, with respect to his or her conduct or to a result thereof when it is his or her conscious object to engage in that conduct or to cause that result." § 562.016.2. In determining a defendant's purpose for his conduct, it is appropriate to consider events leading up to that conduct. *See State v. Ware*, 447 S.W.3d 224, 228 (Mo. App. 2014). Here, S.C. testified that, before Beck made threats against S.C. at the sheriff's department, Beck and S.C. had been at the courthouse for an initial hearing in Beck's failure to comply with sex offender restrictions case. As Beck was walking out of the courtroom after the hearing, he told S.C., "I'll take care of you when you get home." When S.C. went to the sheriff's department to report this threat, Beck followed S.C. and, once inside, called him a liar and threatened him using profane language. S.C. further testified that Beck knew S.C. was going to be a witness in Beck's failure to comply with sex offender restrictions case, and S.C. assumed Beck's threats at the sheriff's department were in response to that. We defer to the jury's decision to accept S.C.'s testimony. *Nash*, 339 S.W.3d at 509. A

4

reasonable juror could infer from this evidence that Beck's purpose for following S.C. into the sheriff's department and threatening him was to induce S.C. to withhold information that could be used against Beck in that pending criminal case; in other words, to induce S.C. not to testify concerning Beck's compliance with the Halloween restrictions placed on convicted sex offenders.  We defer to the jury's decision to draw this reasonable inference from the evidence.  *See Ware*, 447 S.W.3d at 228.  *See also State v. Jindra*, 504 S.W.3d 187, 190 (Mo. App. 2016).  Because the evidence was sufficient to support Beck's conviction for witness tampering, the court did not err in denying his motions for judgment of acquittal.  Point denied.

**CONCLUSION**

The judgment is affirmed.

_____

LISA WHITE HARDWICK, JUDGE

All Concur.